## Minnick v. Denny.

*Breach of promise to marry—Oral or written promise—Statement signed by attorney—Amendment—Practice Act, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, it is necessary for the statement in an action for breach of promise to marry to set forth whether the promise was oral or written.

2. Under the act, a statement must be signed by the plaintiff's attorney, if there be an attorney.

3. The statement may be sworn to by some one other than the plaintiff having knowledge of the facts. If he alleges that he has such knowledge, the affidavit is sufficient without giving the source of his knowledge.

4. Statements not signed by the plaintiff's attorney or not stating whether the contract sued upon is oral or written may be corrected by amendment..

Affidavit of defence raising questions of law. C. P. Lancaster Co., April T., 1921, No. 20.

*Chester A. Diller* and *Louis Appelbaum,* for plaintiff.

*John E. Malone,* for defendant.

HASSLER, J., July 21, 1921.—On March 16, 1921, the plaintiff filed a statement in this case, in which it is alleged that the defendant, on Dec. 25, 1919,

1 D. & C.

promised to marry the plaintiff, and the plaintiff then and there promised to marry the defendant. The statement was signed by William H. Barnhurst, who, in an affidavit, deposes and says that he is well acquainted with the facts set forth in the foregoing statement, and that he makes the affidavit in behalf of the plaintiff because she is detained out of the jurisdiction of the court on account of business reasons. This statement is not signed by the plaintiff's attorneys. The defendant has filed an affidavit raising questions of law, which are, first, whether the statement is defective, in that it does not set forth whether the promises sued on were verbal or in writing; and, secondly, whether it is necessary to be signed by the attorneys for the plaintiff.

The Act of May 14, 1915, § 9, P. L. 483, provides that a statement of claim shall be as brief as the nature of the case will admit. In actions on contracts, it shall state whether the contract is oral or in writing. It shall be sworn to by the plaintiff or some person having knowledge of the facts, and if there be an attorney, it shall be signed by him.

The requirements of this act must be complied with to make the statement a valid one: Philadelphia Gear Co. v. Climax Machine Co., 36 Lanc. Law Rev. 271, 29 Dist. R. 493; Zullinger v. Grebe, 33 Lanc. Law Rev. 401, 26 Dist. R. 483; Sorrick v. Scheetz, 33 Lanc. Law Rev. 401, 26 Dist. R. 484; Ferraro v. Pennsylvania R. R. Co., 34 Lanc. Law Rev. 403; Berger Bros. Co. v. Haas, 32 York Leg. Record, 134. As the Practice Act requires the plaintiff to state whether a contract is oral or in writing, and that it be signed by the plaintiff's attorney, it must be done, and can be done at any time, as such matters are amendable: Encore Hosiery Co. v. York Mills Co., 32 York Leg. Record, 169. It may be taken for granted that such a promise as is the subject-matter of this suit is oral, but, in compliance with the requirements of the act of assembly, it will be necessary for the plaintiff to state that fact.

A question was raised at the argument as to the sufficiency of the affidavit to the statement, it having been made by William H. Barnhurst without stating his means of knowledge. Section 9 of the Act of 1915 provides that a statement may be sworn to by the plaintiff or some person having knowledge of the facts. As he alleged he had such knowledge, the affidavit made by him is sufficient. The plaintiff is, therefore, directed to amend her statement by stating whether the contract sued on is oral or written, and the attorneys for the plaintiff are directed to sign the statement.

From George Ross Eshleman, Lancaster, Pa.